FILED
 2009 Oct-06  PM 03:10
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

JAMES KEITH RUSHBROOK,        ]
                              ]
        Petitioner,            ]
                              ]
v.                            ]        CV-09-LSC-RRA-1729-NE
                              ]
THE STATE OF ALABAMA,         ]
                              ]
        Respondent.            ]

## **MEMORANDUM OPINION**

This is a habeas corpus petition.[1] The magistrate judge entered a report and recommendation recommending that the action be dismissed, because Rushbrook is not attempting to enforce his right to a speedy trial, but is seeking to have this court order that the indictment against him be dismissed.[2] The magistrate judge noted that dismissal of the state charges is not available to the petitioner through federal habeas corpus.

The petitioner has filed objections to the report and recommendation. In his objections, Rushbrook argues, in direct contradiction to his petition, that "[a]ll along, Rushbrook has not been trying to avoid a speedy trial, but to the contrary has actually been trying to get a speedy trial."

Rushbrook is entitled to enforce his right to a speedy trial in a federal habeas petition. However, a petition for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *Georgalis v. Dixon*, 776 F.2d 261,

---

[1] Although the petition was docketed as a § 2254 petition, the petition is in fact a § 2241 petition since the petitioner is a pre-trial detainee.

[2] Specifically, the petitioner requested the following relief in his petition:
   The petitioner, James Keith Rushbrook, asks this honorable court to dismiss the charge of possession of cocaine because the petitioner's due process for a speedy trial has been violated. The petitioner also asks this court to order his release from the Madison County Jail.
*Petition* at p. 2.

Case 5:09-cv-01729-LSC-RRA   Document 8   Filed 10/06/09   Page 2 of 3

262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). A state prisoner is required to exhaust the state remedies available to him whether he is proceeding under § 2254 or § 2241. *Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the questions presented." *Rose v. Lundy*, 455 U.S. 509, 518 n.9 (1982). Pursuant to this provision, the courts have cautioned that the exhaustion requirement is not satisfied until the claim has been fully and fairly presented to the courts for consideration. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Heath v. Jones*, 863 F.2d at 818. Furthermore, the claim must be presented to state courts in such a way as to enable the state to entertain the claim on its merits.

Rushbrook states in his objections that he filed a habeas petition in state court on September 25, 2009. Clearly, Rushbrook has not exhausted the remedies available to him in state court. Therefore, to the extent Rushbrook now seeks to enforce his right to a speedy trial, his petition is due to be dismissed without prejudice to enable him to exhaust the remedies available to him in state court.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

Done this 6th day of October 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671